UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MATTHEW R. BLACKLEDGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:24-cv-04210-SLD |
| MERRICK B. GARLAND, UR M. JADDOU, ALEJANDRO N. MAYORKAS, KWAME Y. RAUL, and USCIS, | ) ) ) ) |
| Defendants. | ) ) |

ORDER

Plaintiff Matthew R. Blackledge, *pro se*, seeks mandamus relief to compel Defendants, including Illinois Attorney General Kwame Y. Raoul,[1] to take certain actions to ensure that "[his] petition for [his] wife in the Philippines would be looked at in a timely manner." Compl. 4, ECF No. 1. Pending before the Court is Raoul's Motion to Dismiss, ECF No. 5. For the reasons that follow, the motion is GRANTED.

**BACKGROUND**

Blackledge alleges that Defendants, who except for Raoul are all federal officials or agencies, have failed to provide "a fair immigration process" for his wife. Compl. 4. Blackledge invokes the Court's mandamus jurisdiction. *Id.* at 3. 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Raoul moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that

---

[1] Illinois Attorney General Raoul's name is misspelled in the Complaint's caption. *See* Compl. 1, ECF No. 1. In this Order, the Court refers to him using the proper spelling of his name. *See, e.g.*, Mot. Dismiss 1, ECF No. 5 (referring to the Illinois Attorney General as Kwame Raoul).

1

Blackledge's Complaint fails to plausibly allege that Blackledge is entitled to relief against him because Blackledge "fails to allege any facts against [him]," let alone allege that he owes Blackledge "a clear nondiscretionary duty."  Mot. Dismiss 1.  Blackledge did not respond to Raoul's Motion to Dismiss.

**DISCUSSION**

I. **Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  At the motion to dismiss stage, the key inquiry is whether the complaint is "sufficient to provide the defendant with 'fair notice' of the plaintiff's claim and its basis."  *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  While "detailed factual allegations are unnecessary, the complaint must have 'enough facts to state a claim to relief that is plausible on its face.'"  *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

II. **Analysis**

To be plausibly entitled to a writ of mandamus, a plaintiff's allegations must establish: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available."  *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 589 (7th Cir. 2014) (quotation marks omitted); *see also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.").  As Blackledge failed to respond to Raoul's Motion to Dismiss, the

Court may dismiss Raoul from this case if his argument for dismissal is plausible. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."); *Diggs v. Lowe's Home Ctrs., LLC*, 21 C 4544, 2022 WL 3543496, at *2 (N.D. Ill. Aug. 18, 2022) (collecting cases).

Raoul argues that he is entitled to dismissal because he is "the Attorney General of the *State* of Illinois" and "has no involvement with the review of [Blackledge]'s wife's *federal* immigration application." Mot. Dismiss 3. Moreover, beyond including Raoul in his Complaint's caption, Blackledge fails to make any allegations regarding Raoul. *Id.* Raoul notes that "[a] plaintiff cannot state a claim against a defendant by [only] including the defendant's name in the caption." *Id.* (quoting *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (second alteration in original)).

Raoul's argument plainly provides a plausible basis for his dismissal. While immigration policy is important to states, the federal government is the sovereign in our system of dual sovereignty which enjoys "broad, undoubted power over the subject of immigration." *McHenry County v. Raoul*, 44 F.4th 581, 589 (7th Cir. 2022) (quoting *Arizona v. United States*, 567 U.S. 387, 394 (2012)). It is wholly unclear what role Blackledge believes that Raoul—an official of Illinois and not the United States—plays in processing his wife's immigration application. Further, the lack of factual allegations detailing Raoul's actions regarding Blackledge or his wife's application means that Blackledge has failed to plausibly allege that Raoul owes him a duty, let alone "a plainly defined and peremptory duty" to do anything related to his wife's

3

immigration application. *See Burwell*, 770 F.3d at 589. Blackledge's ill-defined claim for relief against Raoul is implausible, such that Raoul must be dismissed from this case.

The only remaining issue is whether Blackledge should be given leave to file an amended version of his claim against Raoul. Leave to amend should be "freely" given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and a plaintiff ordinarily should be given a second chance to properly plead his claim, *see Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). However, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Moreover, where a plaintiff fails to ask for leave to amend, a court need not grant such leave *sua sponte*. *James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 400–01 (7th Cir. 2006). Here, amendment would be futile given Raoul's status as a state official and is also unwarranted because Blackledge failed to ask for leave to amend his claim against Raoul. Therefore, Raoul's dismissal is with prejudice.

## CONCLUSION

Defendant Kwame Y. Raoul's Motion to Dismiss, ECF No. 5, is GRANTED. Raoul is DISMISSED WITH PREJUDICE as a party to this action.

Entered this 10th day of January, 2025.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE